UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER L. BEAR,

      Plaintiff,

                                        CASE NO. _____

v.

FIRST ADVANTAGE CORPORATION,

      Defendant.

_____/

## COMPLAINT AND JURY DEMAND

The Plaintiff, JENNIFER L. BEAR ("Plaintiff"), by and through the undersigned counsel, and for Complaint against the Defendant, FIRST ADVANTAGE CORPORATION ("Defendant"), states as follows:

## PARTIES AND JURISDICTION

1.     At all times relevant hereto, Plaintiff has resided in, and is a citizen of, Pinellas County, Florida.

2.     At all times relevant hereto, Defendant Corporation, FIRST ADVANTAGE CORPORATION, a foreign corporation licensed and doing business in Florida, is and at all times mentioned herein was an employer within the meaning of the Family and Medical Leave Act (FMLA).

3.     This Court has jurisdiction over this matter as this matter involves a federal question based upon the Family and Medical Leave Act.

4.      The Middle District of Florida is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

**STATEMENT OF FACTS RELEVANT TO ALL CLAIMS**

5.      At all relevant times, Plaintiff was a qualified individual within the meaning of the Family and Medical Leave Act "FMLA."

6.      During 2006, Defendant hired Plaintiff as a Customer Service Representative.

7.      Several months after her hiring, Plaintiff was transferred to the Accounting/Billing Department in the position of Accounting Specialist.

8.      Throughout her employment, Plaintiff was an exemplary employee.

9.      During January, 2011, Plaintiff notified her supervisor, Krystie Grunenberg ("Grunenberg), that she needed to have surgery, a hysterectomy, and made a request for leave under the FMLA.

10.     At the same time Plaintiff notified Grunenberg of the need for surgery, she gave Grunenberg notice that her surgery was scheduled for some time during March, 2011.

11.     Shortly thereafter, Plaintiff completed the necessary FMLA paperwork and returned them to Grunenberg and Defendant's Human Resource Dept.

12.     Plaintiff's request for leave under the FMLA was approved beginning March 11, 2011.

13.     While out on leave, Plaintiff underwent the necessary surgery.

14.     Plaintiff returned to work from leave on April 18, 2011.

15.     Although Plaintiff was an excellent employee, on May 24, 2011, Defendant's Human Resource Representative, Lu Akin, notified her that her employment was terminated.

## COUNT I

## <u>FAMILY AND MEDICAL LEAVE ACT VIOLATION</u>

16.     The allegations contained in Paragraphs 1 through 15 inclusive are hereby incorporated by inference.

17.     Plaintiff was covered by the provisions of FMLA in that she had worked more than 1,250 hours during the 12-month period before her discharge.

18.     At all times relevant hereto, Defendant employed more than 50 persons within a 75-mile radius within the 12 months before Plaintiff was discharged.

19.     At all times relevant to this action, Plaintiff suffered from one or more serious health conditions which entailed a period of incapacity of three consecutive calendar days and repeated visits to one or more medical providers.

20.     Plaintiff exercised her FMLA rights within the 12 months before her discharge by requesting time off due to her health condition.

21.     Defendant willfully retaliated against Plaintiff for exercising her FMLA rights by:

a.      Discharging Plaintiff from employment; and

b.      Failing to comply with its obligations under FMLA and its implementing regulations.

22.     Plaintiff was injured as a proximate result of Defendant's willful violations of

FMLA for which Plaintiff is entitled to actual and liquated damages.

WHEREFORE, Plaintiff prays for the following relief:

(a)     Lost wages and benefits;
(b)     Interest on said lost wages and benefits;
(c)     Liquidated damages in an amount equal to the Plaintiff's lost wages and
        benefits, and interest thereon;
(d)     Attorney's fees and costs; and
(e)     All such other relief as the court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by a jury in this action on all issues so triable.

**RONALD L. NELSON, P.A.**
s/RONALD L. NELSON, ESQUIRE
1247 First Avenue North
St. Petersburg, Florida 33705
(727) 345-9292- Telephone
(727) 345-9299 - Fax
FBN: 0038156
ron@ronnelsonlaw.com
Attorney for Plaintiff